# UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHEILA THOMPSON,
Plaintiff,

V.

ZWICKER AND ASSOCIATES, PC,
Defendant.

Civil Action No. __________

**COMPLAINT**
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p.

**JURISDICTION AND VENUE**

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendant engaged the violations alleged herein against Plaintiff while Plaintiff so resided.

**PARTIES**

3. Plaintiff, Sheila Thompson, (hereinafter "Thompson" or "Plaintiff"), is a natural person residing at 241-15 132nd Road Rosedale NY 11422.

4. Defendant, Zwicker and Associates, P.C., (hereinafter "Defendant") is a professional corporation, incorporated in the Commonwealth of

      Massachusetts, with a principle place of business at 80 Minuteman Road, Andover, MA 01810.

5. Defendant regularly operates as a third-party debt collector and is a "debt collector" as defined in 15 U.S.C. 1692a.

**FACTUAL ALLEGATIONS**

6. During the month of March, 2014, an agent of the Defendant, Tim Herrington, attempted to contact the Plaintiff at her place of employment regarding private student loan debt for the Plaintiff's daughter, Shaniqua Thompson, and for which the Plaintiff is a cosigner.

7. Specifically, on or about March 7, 2014, Mr. Herrington, acting on behalf of the Defendant, contacted the Plaintiff at her place of employment.

8. Coworkers of the Plaintiff informed Mr. Herrington that the Plaintiff's employer prohibits its employees from receiving such calls and requested that he cease such communications.

9. Despite being informed of this fact, said agent continued to contact the Plaintiff at her place of employment, leaving messages with the Plaintiff's coworkers regarding the aforementioned debt.

10. No consent for the Defendant to contact the Plaintiff at her place of employment regarding this debt was ever given.

11. On or about March 11, 2014, Mr. Herrington called the home of Josephine Thompson, the Plaintiff's mother.

12. Mr. Herrington informed Josephine Thompson that he was contacting her regarding the private student loan debt of Shaniqua Thompson, for which the Plaintiff is a cosigner.

13. On or about March 12, 2014, Mr. Herrington contacted Shaniqua Thompson regarding the student loan debt in question and threatened to garnish the Plaintiff's wages in an attempt to collect on the debt.

## CAUSES OF ACTION

### COUNT I
### 15 U.S.C. 1692c(a)(3)

14. Plaintiff re-alleges paragraphs 1 through 13, and by this reference incorporates the same as though fully set forth herein.

15. Plaintiff believes and herein alleges that Defendant violated 15 U.S.C. 1692c(a)(3) by continuing to contact the Plaintiff at his place of employment.

16. Said statute states that a debt collector may not communicate with a consumer at the consumer's place of employment if the debt collector knows or has reason to know that the Plaintiff's employer prohibits such communications.

17. Coworker of the Plaintiff informed agents of the Defendant that the Plaintiff's employer forbids such calls.

18. Despite being informed of this fact, the agents of the Defendant continued to contact the Plaintiff at her place of employment.

19. Therefore, the Plaintiff asserts that the Defendant had reason to know that such communications could endanger the Plaintiff's employment.

**COUNT II**
**15 U.S.C. 1692c(b)**

20. Plaintiff re-alleges paragraphs 1 through 19 and by this reference incorporates the same as though fully set forth herein.

21. Plaintiff believes and herein alleges that Defendant violated 15 U.S.C. 1692c(b) by continuing to communicate with the Plaintiff who is not the debtor for which the Defendant seeks to collect.

22. Agents of the Defendant contacted the Plaintiff's mother regarding the aforementioned debt and informed her of the nature of the debt about which they were calling.

23. As a result of these communications, agents of the Defendant revealed personal information regarding the debt to third parties.

**COUNT III**
**15 U.S.C. 1692d(5)**

24. Plaintiff re-alleges paragraphs 1 through 23 and by this reference incorporates the same as though fully set forth herein.

25. Plaintiff believes and herein alleges that Defendant violated 15 U.S.C. 1692d(5) by communicating with the Plaintiff and the Plaintiff's daughter in a harassing manner.

26. Specifically, by manipulating facts about the ability or inability to garnish the wages of the Plaintiff, the agents of the Defendant engaged in these communications for the purpose of harassing, annoying or abusing the Plaintiff and members of her family.

27. The actions by the agents of the Defendant by engaging any person in a telephone conversation that is meant to annoy, abuse or harass, have violated this provision of the statute.

28. Frequent calls to places of employment, calls to family members, disclosure of personal information regarding the debt in question and threatening to garnish wages are examples of the harassing and annoying behavior of the Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendant for recovery as follows:

1.) For statutory damages in the amount of $1,000 and actual damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);
2.) For $3,605.00 in legal costs incurred in responding to unlawful collection activity.
3.) For further actual damages incurred by the Plaintiff in an amount to be proven at the time of trial;
4.) For prejudgment interest in an amount to be proven at time of trial;
5.) For attorney's fees pursuant to 15 U.S.C. 1692(k);
6.) For the costs of this lawsuit; and
7.) For any other and further relief that the court considers proper.

**JURY DEMAND**

Plaintiff demands a jury trial.

Date: 03/03/2015

Respectfully submitted,
The Plaintiff
SHEILA THOMPSON
By and through counsel,

/s/ Paul A. Petrillo

Paul A Petrillo, Esq.
202 Main St., Suite 102
Salem, NH 03079
(603) 894-4120
Bar# 16186